**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Sidney B. Brooks**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COLORADO SUN OIL | ) | |
| PROCESSING LLC, | ) | Case No. 10-24424-SBB |
| | ) | |
| EIN: 26-2175087, | ) | Chapter 11 |
| | ) | |
| _____Debtor._____ | ) | |
| | ) | |
| ROYAL ELECTRICAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. _____ |
| HARVEY SENDER, chapter | ) | |
| 11 trustee, and SUNRICH LLC, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

## MOTION BY APPELLANT ROYAL ELECTRICAL SERVICES, INC. FOR LEAVE TO APPEAL PURSUANT TO BANKRUPTCY RULE 8003

Pursuant to 28 U.S.C. § 158(a) and Fed. R. Bankr. P. 8003, appellant Royal

Electrical Services, Inc. ("**Royal**"), through its undersigned counsel, moves for leave to

appeal the following interlocutory order entered by the United States Bankruptcy Court

for the District of Colorado (the "**Bankruptcy Court**") on October 26, 2010: *Order*

*Granting Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of*

*Order for Relief*.  [Docket No. 119].[1]  The following grounds support this Motion:

## I.   PRELIMINARY STATEMENT

The immediate disposition of Royal's appeal will conserve the resources of the

judicial system and the litigants.  This matter concerns the Bankruptcy Court erring by

not denying or striking a pending motion to dismiss an involuntary petition despite there

being at least three independent reasons for it to do so, perhaps the most compelling

being that the Bankruptcy Court actually entered an *Order for Relief* and the chapter 11

case is proceeding forward with a stated objective of disposing of the debtor's assets.

The motion to dismiss, which is predicated on alleged 11 U.S.C. § 303 jurisdictional

deficiencies, is moot in light of the Bankruptcy Court's entry of the *Order for Relief*.

Royal filed in the Bankruptcy Court an involuntary petition against debtor

Colorado Sun Oil Processing LLC (the "**Debtor**").  The Debtor is jointly and equally

owned by Sunrich LLC ("**Sunrich**") and Colorado Mills LLC ("**CMills**").  Prepetition they

were deadlocked in decisions concerning the Debtor's future and involved in protracted

state court litigation concerning claims between them and liquidating the Debtor.  In

addition to owning part of the Debtor, Sunrich is a creditor of the Debtor, and its affiliate

is subject to an approximate $5 million preference claim pursuant to 11 U.S.C. § 547.

Sunrich moved to dismiss the involuntary petition pursuant to 11 U.S.C. § 303,

ultimately making it clear that Sunrich intended to move for sanctions against Royal and

CMills pursuant to 11 U.S.C. § 303(i) if the case is dismissed.  Royal, CMills, and the

---

[1]     All docket numbers refer to the Bankruptcy Court's docket.

Debtor all opposed the motion to dismiss on statutory and standing bases.  The Bankruptcy Court set the motion for a two-day evidentiary hearing in October 2010.

Sunrich moved for emergency appointment of a chapter 11 trustee.  The Bankruptcy Court granted the motion, and approved the United States Trustee's appointment of Harvey Sender as interim chapter 11 trustee (the "**Trustee**").

Upon stipulation of Sunrich, Royal, CMills, and the Debtor (now acting through the Trustee), the Bankruptcy Court vacated the hearing on the motion to dismiss to develop a plan to sell the Debtor's assets.  The Trustee, on behalf of the Debtor, then twice unconditionally consented to entry of an order for relief in the Debtor's bankruptcy case.

While expressly acknowledging that it was in the best interests of the Debtor and its creditors to sell the Debtor's assets in accordance with the Bankruptcy Code, Sunrich objected to the Trustee's consent, and conditioned its consent to entry of an order for relief on the Bankruptcy Court somehow preserving Sunrich's ability to seek dismissal and damages under 11 U.S.C. § 303.  Despite Sunrich's paradoxical position, the Trustee and Sunrich entered into a stipulation that provided for the same conditional order for relief that Sunrich proposed via its objection: entry of an order for relief that does not (i) result in the dismissal or withdrawal of Sunrich's motion to dismiss; or (ii) impact or affect Sunrich's alleged damage rights or remedies under 11 U.S.C. § 303(i).

Because the Trustee and Sunrich improperly sought approval of this stipulation without notice or hearing, Royal and CMills each forthwith objected to the stipulation. Notwithstanding, the Bankruptcy Court approved the stipulation via the order that is the

-3-

subject of this Motion; however, it also entered a separate, unequivocal *Order for Relief*.
In other words, the Bankruptcy Court entered the *Order for Relief* in the involuntary
bankruptcy case, requiring all the customarily required documents to be filed including
the schedules and statement of financial affairs, and at the same time ordered that the
motion to dismiss would not be affected thereby and remain pending.

Sunrich is motivated to obtain leverage over CMills in connection with the
dissolution of the Debtor and the sale of its assets through this continued threat of
sanctions against CMills.  As the petitioning creditor, Royal now must participate in a
needless motion to dismiss proceeding, which Sunrich is prosecuting in order to
ultimately pursue sanctions.  Section 303 motions to dismiss should be limited to their
intended purpose: to determine whether an involuntary case should actually be
dismissed.  Having heard from the very party prosecuting the motion to dismiss that it is
in the best interests of the Debtor and its creditors to utilize the Bankruptcy Court to
dispose of the Debtor's assets, the Bankruptcy Court entered an *Order for Relief* that
moots the need to litigate the motion to dismiss.

By entering the order approving the stipulation, the Bankruptcy Court erred in at
least three regards.  First, the Bankruptcy Court failed to rule that, upon the appointment
of the Trustee, to the extent Sunrich ever had standing to file and prosecute its motion
to dismiss as a deadlocked joint owner of a debtor, such standing no longer existed.
Second, the Bankruptcy Court failed to rule that the Trustee's two consents to the entry
of an order for relief waived any alleged 11 U.S.C. § 303(b) deficiencies to the
involuntary petition, thus mooting the motion to dismiss.  And third, and perhaps most

important, the Bankruptcy Court failed to rule that the actual entry of the *Order for Relief* moots the motion to dismiss.

The hearing of this interlocutory appeal will conserve considerable resources as a ruling in Royal's favor on any one of the three issues will eliminate the need to respond to discovery Sunrich has propounded on the parties and their counsel, as well as future discovery.  In addition, it will avoid a potential two-day trial on the motion to dismiss.  Moreover, the pending motion to dismiss creates an unusual and unnecessary jurisdictional question: because the Bankruptcy Court should have either entered the *Order for Relief* **or** granted the motion to dismiss, if the motion to dismiss is somehow granted following entry of the *Order for Relief*, are the Bankruptcy Court's orders subsequent to the *Order for Relief* enforceable and, if so, to what extent?  As the Trustee intends to operate the Debtor and sell its assets, this uncertainty is, or at least should be, of concern to all parties including potential purchasers of the Debtor's assets.

Given the dispositive nature of the narrow legal questions presented, the complexity and cost of the continued unnecessary litigation, and the uncertainty raised by the Bankruptcy Court's conflicting orders, it is appropriate for this Court to accept Royal's interlocutory appeal.

## II.    <u>STATEMENT OF FACTS – RULE 8003(A)(1)</u>

1.    On June 9, 2010 (the "**Petition Date**"), Royal caused an involuntary petition for relief under chapter 11 of Title 11 of the United States Code to be filed against the Debtor in the Bankruptcy Court (the "**Petition**").

2.      On June 25, 2010, Sunrich, owner of 50% of the Debtor's membership interests, moved to dismiss the Petition (the "**Motion to Dismiss**"), arguing, among other things, (i) Royal does not satisfy 11 U.S.C. § 303(b) as a petitioning creditor; (ii) the Debtor is generally paying its debts as they become due; and (iii) Royal and CMills colluded in bad faith in filing the Petition.  [Docket No. 12].  Sunrich also argued it had standing to raise such issues because it was a 50% member of the Debtor and Debtor's management was hopelessly deadlocked.

3.      Royal, the Debtor (through its counsel), and CMills, the other 50% holder of the Debtor's membership interests, all opposed the Motion to Dismiss on various grounds, including Sunrich's lack of standing as a creditor.  [Docket Nos. 21-23, 27, 46-48, and 93].

4.      On July 16, 2010, Sunrich replied in support of its Motion to Dismiss, stating, among other things, that it intends to pursue sanctions against Royal and CMills under 11 U.S.C. § 303(i) if the Petition is dismissed pursuant to 11 U.S.C. § 303.  *Reply in Support of Sunrich LLC's Motion to Dismiss Involuntary Petition*, p.5 n.7.  [Docket No. 30].

5.      During the Bankruptcy Court's July 20, 2010 preliminary hearing, it set the Motion to Dismiss for final evidentiary hearing on October 21 and 22, 2010.  [Docket No. 33].  At that hearing, Sunrich reiterated its intent to seek sanctions against Royal and CMills.

6.      On August 6, 2010, Sunrich moved, on an emergency basis, to appoint a chapter 11 trustee, even seeking and being granted an expedited August 16, 2010 hearing.  [Docket Nos. 39-43 and 49].

7.      On August 16, 2010, the Bankruptcy Court granted the trustee motion and directed the United States Trustee to appoint a chapter 11 trustee with full powers under 11 U.S.C. § 1106.  [Docket Nos. 56 and 57].

8.      Also on August 16, 2010, the United States Trustee applied to appoint Mr. Sender as the trustee, which the Bankruptcy Court approved on August 23, 2010. [Docket Nos. 54 and 66].

9.      On or about August 18, 2010, Sunrich issued subpoenas and caused them to be served on Royal, CMills, the Debtor, and their respective counsel in furtherance of the Motion to Dismiss (collectively, the "**Subpoenas**").

10.      On September 8, 2010, based on a stipulation among Sunrich, Royal, CMills, and the Debtor (acting through the Trustee), the Bankruptcy Court vacated the hearing on the Motion to Dismiss based on all parties' stated agreement to allow for development of a plan to dispose of the Debtor's assets.  [Docket Nos. 68 and 75].  This approved stipulation also "stayed" the Subpoenas.

11.      On September 22, 2010, on behalf of the Debtor, the Trustee consented to the entry of an order for relief under chapter 11 in the Debtor's bankruptcy case. [Docket No. 84].

12.      On September 27, 2010, the Bankruptcy Court ordered that the Trustee notice the consent to interested parties.  [Docket No. 87].  The Trustee complied with

this Order, filing the *Debtor's Consent for Order for Relief* (the "**Debtor's Consent**") and

issuing a notice that set an October 12, 2010 deadline to object to the consent.  [Docket

Nos. 88 and 89].

13.     On September 28, 2010, Sunrich delivered letters to undersigned counsel,

rescinding the "stay" of the Subpoenas and providing for an amended return date for the

Subpoenas of October 12, 2010.

14.     On October 11, 2010, undersigned counsel and Royal moved to quash the

Subpoenas or for a protective order, reasoning (i) the filing of the Debtor's Consent

mooted the Motion to Dismiss; and (ii) Sunrich does not have standing to pursue the

Motion to Dismiss because the Trustee's appointment with full powers under 11 U.S.C.

§ 1106 removed the only potentially viable Sunrich standing argument (relating to the

Debtor being hopelessly deadlocked).  [Docket Nos. 101 and 102].  Counsel for CMills

and the Debtor filed similar motions, all of which remain pending.  [Docket Nos. 99, 100,

103, and 104].

15.     On October 12, 2010, Sunrich filed the *Conditional Objection to Debtor's

Motion for Entry of Order for Relief* (the "**Sunrich Objection**"), consenting to entry of an

order for relief, but only if the Bankruptcy Court somehow preserved Sunrich's ability to

seek dismissal and damages under 11 U.S.C. § 303.  [Docket No. 105].  In part, Sunrich

reiterated its intent to utilize the Bankruptcy Court and process for its intended

purposes, stating in part on page 6: "[i]t is in the best interests of [the Debtor] and [the

Debtor's] creditors to properly conclude the final disposition of [the Debtor's] assets in

accordance with the procedures provided for in the Bankruptcy Code."

16.     On October 21, 2010, the Trustee and Sunrich jointly filed the *Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of Order for Relief* (the "**Stipulation Regarding Order for Relief**"), which sought via the proposed order the same conditional order for relief that Sunrich proposed via the Sunrich Objection. [Docket No. 112].  The proposed order on the Stipulation Regarding Order for Relief states in relevant part:

> IT IS FURTHER ORDERED that neither this Order nor the order for relief shall result in the dismissal or withdrawal of Sunrich's pending Motion to Dismiss Involuntary Petition (Doc. No. 12) without further order of the Court; and
>
> IT IS FURTHER ORDERED that neither this Order nor the order for relief shall in any way impact or affect the rights or remedies available to the Parties, if any, under Bankruptcy Code section 303(i) or otherwise. . . .

Via the Stipulation Regarding Order for Relief, Sunrich and the Trustee also sought the Bankruptcy Court's approval of it without notice to interested parties or an opportunity to be heard, erroneously arguing that because no interested party other than Sunrich objected to the Debtor's Consent no further notice is necessary.  However, Royal never objected because it agreed with the Debtor's Consent filed by the Trustee.  The Stipulation Regarding Order for Relief, though, materially altered that which the Trustee had initially consented.

17.     On October 21, 2010, hours after the Trustee and Sunrich filed the Stipulation Regarding Order for Relief, in order to address its proposed notice deficiency, Royal filed an initial objection to it.  [Docket No. 115].  In addition to objecting to the lack of notice and opportunity to be heard, Royal set forth two arguments why the

Bankruptcy Court should not approve it: (i) the Bankruptcy Court cannot enter an order for relief that reserves Sunrich's ability to proceed on its Motion to Dismiss, thus preserving Sunrich's alleged damages claims under 11 U.S.C. § 303(i); and (ii) upon the appointment of the Trustee, Sunrich, as a creditor of the Debtor, absolutely lacked standing to contest the involuntary petition, including even objecting to the Debtor's Consent.

18.     On October 22, 2010, CMills objected to the Stipulation Regarding Order for Relief, generally arguing (i) Sunrich lacked standing to object to the Debtor's Consent; (ii) the Sunrich Objection "defies all legal precedent which establishes that, once an order for relief enters, a claim for dismissal and damages for a bad faith filing of the Involuntary Petition . . . must be denied"; and (iii) because the Sunrich Objection lacks any cognizable legal basis, the Trustee cannot resolve it without notice and an opportunity to be heard by interested parties.  [Docket No. 118].

19.     On October 26, 2010, the Bankruptcy Court entered its *Order for Relief*, which provides in relevant part:

> [the Court] DOES ORDER that an order for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) is granted.
>
> IT IS FURTHER ORDERED that the Chapter 11 Trustee shall file all documents required pursuant to Local Bankruptcy Rule 1007-1 and 11 U.S.C. § 521, including the schedules, statement(s) of affairs, and mailing matrix on or before **November 9, 2010**.

[Docket No. 120].

20.     However, on October 26, 2010, notwithstanding Royal's and CMill's objections, and without notice or hearing, the Bankruptcy Court also entered the *Order*

-10-

*Granting Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of Order for Relief* (the "**Stipulation Order**"), which approved the Stipulation Regarding Order for Relief.  [Docket No. 119].  The Stipulation Order has the identical language of the proposed order set forth in paragraph 16, *supra*.

21.     The Stipulation Order and the *Order for Relief* acknowledge, but do not address, Royal's October 21st objection, and neither acknowledge CMill's October 22nd objection.

### III.     STATEMENT OF QUESTIONS PRESENTED BY THE APPEAL AND RELIEF SOUGHT – RULE 8003(A)(2)

22.     The following three legal questions are presented by this appeal:

1.     Following the appointment of a chapter 11 interim trustee with full powers under 11 U.S.C. § 1106, whether a creditor of the debtor (which creditor's affiliate is subject to a preference claim pursuant to 11 U.S.C. § 547) has standing to prosecute a motion to dismiss an involuntary petition pursuant to 11 U.S.C. § 303.

2.     If the creditor has standing, whether a chapter 11 interim trustee who then consents to an order for relief in an involuntary bankruptcy case waives any alleged 11 U.S.C. § 303 deficiencies to the involuntary petition, thus mooting a motion to dismiss an involuntary petition pursuant to 11 U.S.C. § 303.

3.     If the creditor has standing and the alleged deficiencies are not waived, whether the subsequent entry of an actual order for relief by the bankruptcy court in an involuntary chapter 11 case moots a pending motion to dismiss the chapter 11 case pursuant to 11 U.S.C. § 303.

23.     Royal seeks entry of an Order of the Court denying or striking the Motion to Dismiss with prejudice for any one of the above three reasons.

**IV.    STATEMENT OF REASONS WHY LEAVE FOR AN APPEAL
SHOULD BE GRANTED – RULE 8003(A)(3)**

24.    While neither 28 U.S.C. § 158(a) nor Fed. R. Bankr. P. 8003 set forth

criteria governing whether leave should be granted to hear an appeal from the

Bankruptcy Court, analogies are often made to the three-factor analysis set forth in 28

U.S.C. § 1292, applicable to whether leave will be granted by the courts of appeals.

See *Furr's Supermarkets, Inc. v. Richardson & Richardson, Inc.*, 315 B.R. 776, 780

(D.N.M. 2004); *Balcor Pension Investors v. Wiston XXIV Ltd. Partnership (In re Wiston

XXIV Ltd. Partnership)*, 147 B.R. 575, 578 (D. Kan. 1992); and *First Interstate Bank of

Denver, N.A. v. Werth*, 58 B.R. 146, 148 (D. Colo. 1986).

25.    Under 28 U.S.C. § 1292(b), "[c]ertification is appropriate if the court finds

that (1) the order involves a controlling question of law; (2) there is substantial ground

for difference of opinion as to that question; and (3) an immediate appeal to determine

the issue may materially advance the ultimate termination of the litigation." *Hart v. The

Boeing Co., Inc.*, 2010 WL 2635449, *1 (D. Colo. June 28, 2010) (citing statute and *In re

Grand Jury Proceedings June 1991*, 767 F. Supp. 222, 223 (D. Colo. 1991)); *In re

Midgard Corp.*, 204 B.R. 764, 769-70 (B.A.P. 10th Cir. 1997).

**A.    THE STIPULATION ORDER INVOLVES CONTROLLING
QUESTIONS OF LAW**

26.    In order to resolve whether or not a "controlling question of law" exists, the

question must have the potential for substantially accelerating the disposition of the

litigation.  See *U.S. ex rel. Maxwell v. Kerr-McGee Chem. Worldwide, LLC*, 2006 WL

2869515, *7 (D. Colo. Oct. 6, 2006) (citing *Grand Jury Proceedings June 1991*, 767 F.

Supp. at 225).  If the correct answer to the question on appeal will end the matter, then

the question is controlling.  *Grand Jury Proceedings June 1991*, 767 F. Supp. at 225.

Put another way, "[a] controlling question of law is one that, without consideration of

factual circumstances, 'if resolved differently, would entitle a party to judgment [and]

obviate the need for further proceedings in the case.'"  *Hart*, 2010 WL 2635449, at *1

(citations omitted).

27.     To the extent the Court determines that (i) Sunrich has no standing to

prosecute the Motion to Dismiss upon the appointment of the Trustee; (ii) the Trustee's

consents to an order for relief waived any alleged 11 U.S.C. § 303 deficiencies to the

involuntary petition; or (iii) the actual entry of the *Order for Relief* by the Bankruptcy

Court mooted the Motion to Dismiss, all litigation concerning the Motion to Dismiss will

immediately conclude and any issues related to the Bankruptcy Court's jurisdiction will

cease.  The issues on appeal thus involve controlling questions of law.

### B.     THERE ARE SUBSTANTIAL GROUNDS FOR A DIFFERENCE OF OPINION AS TO THE STIPULATION ORDER

28.     The second requirement is that substantial grounds for a difference of

opinion exist as to the question to be appealed.  "That standard implies that the

question is difficult, novel, and either a question on which there is little precedent or one

whose correct resolution is not substantially guided by previous decisions."  *Grand Jury*

*Proceedings June 1991*, 767 F. Supp. at 225-26.  See also *Shire LLC v. Sandoz Inc.*,

2008 WL 5120728, *2 (D. Colo. Dec. 5, 2008); and *U.S. v. Moglia*, 2004 WL 1254128

(N.D. Ill. June 7, 2004) (where court found no controlling authority directly addressing

the issue as framed by the appellant, substantial grounds for a difference of opinion existed).

29.     The three questions presented on appeal are inexorably linked to one another, and none appear to be controlled by binding Tenth Circuit authority.

### i.     Substantial Grounds for a Difference of Opinion Exist as to Sunrich's Standing

30.     The first issue relates to whether Sunrich has standing to prosecute the Motion to Dismiss.  While Royal submits Sunrich does not, Sunrich disagrees.  In this regard, Sunrich addresses its standing in paragraph 4 of the Motion to Dismiss:

> Under 11 U.S.C. § 303(d), a "general partner in a partnership debtor that did not join in the petition" is permitted to answer the petition. Furthermore, a 50% owner of a deadlocked debtor has standing to object to, and to move for dismissal of, an involuntary petition.  *See In re Westerleigh Dev. Corp.*, 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992).

Royal believes that none of the cited bases for standing apply to Sunrich.

### a.     *The Debtor Is Not a Partnership and Sunrich Is Not a General Partner*

31.     Section 303(d) of the bankruptcy code is inapplicable.  The Debtor is not a "partnership."  Rather, it is a limited liability company, which is different than a partnership.  See also 11 U.S.C. § 101(41) (defining "person" to include "partnership" and "corporation"); 11 U.S.C. § 303(b)(3) (setting forth means to file an involuntary petition against a partnership); Official Form 5, the Involuntary Petition, which differentiates between a "Corporation" – that includes "LLC" – and "Partnership" in the "Type of Debtor" box; and 2 *Collier on Bankruptcy*, ¶ 303.07[6] at 303-63 and 64 (15th ed. rev. 2005) ("**Collier**") ("Though a few bankruptcy courts have analogized members

of an LLC to partners of a partnership in certain contexts . . . LLCs are not partnerships and members are not general partners.  Therefore, section 303(b)(3) of the Bankruptcy Code, which provides that fewer than all general partners may file an involuntary petition against a partnership, should not be available to members of an LLC.").

**b.**   ***Sunrich, as a Creditor, Does Not Have Standing***

32.   Sunrich's creditor role, which it repeatedly acknowledges in the Motion to Dismiss, should conclusively end the standing inquiry because "[i]n an involuntary proceeding, a creditor simply has no standing to oppose the adjudication of bankruptcy." *Carlson Plywood Co., Inc. v. Vytex Plastics Corp.*, 519 F.2d 556, 557 (7th Cir. 1975). The reason "'[a] creditor should not be permitted to oppose an adjudication[ is because] invariably, the motive of such a creditor is to protect a preference or to retain some other undue advantage at the expense of the other creditors, contrary to the fundamental purpose of the Act an equitable distribution among creditors.'"  *Id*. at 558 (citing House Report on the Bankruptcy Act of 1938).  See also Collier, ¶ 303.10[2][b] at 303-76 ("The wording of section 303(d) suggests that creditors and equity holders may not answer a petition.  As to creditors, there was a fear that some of them might contest the involuntary petition to protect a voidable interest acquired from the debtor or perhaps to conceal certain dealings with the debtor.").  Consistent with Congress's concerns, a primary reason for the timing of the filing of the Petition by Royal was to preserve an approximate $5 million preference claim against SunOpta Food Group LLC, a Sunrich affiliate.

### c. *Westerleigh Is Distinguishable*

33.     Sunrich also relies on *In re Westerleigh Dev. Corp.*, 141 B.R. 38 (Bankr. S.D.N.Y. 1992) for the proposition that "a 50% owner of a deadlocked debtor has standing to object to, and to move for dismissal of, an involuntary petition."  Motion to Dismiss, ¶ 4.  The non-binding *Westerleigh* decision is inapplicable to this case for several reasons, the primary one being that any deadlock was broken upon the Bankruptcy Court's approval of the Trustee with full powers under 11 U.S.C. § 1106. This lack of deadlock fundamentally manifested itself in the Trustee's two consents to the Bankruptcy Court entering an order for relief; critically, no party challenged the Trustee's legal power to do so.  Also, unlike the instant case, *Westerleigh* does not consider a situation such as this where the 50% owner is a creditor of the Debtor and its affiliate is subject to a substantial preference claim.  Given the strong authority against vesting creditors with standing to contest involuntary petitions, Sunrich's role as a creditor and its affiliate's role as a likely defendant subject to an avoidance action should trump any contrary standing arguments.

### ii.     Substantial Grounds for a Difference of Opinion Exist as to the Effect of the Trustee's Consents

34.     The second issue focuses on whether the Trustee's unconditional consent to an order for relief waived any alleged 11 U.S.C. § 303 deficiencies to the involuntary petition, thus mooting the Motion to Dismiss.  Royal believes so and cited two authorities in its July 9, 2010 and August 6, 2010 responses to the Motion to Dismiss

[Docket Nos. 21 and 47]:[2] Collier, ¶ 303.04[9] at 303-47 and 48 ("Thus, if the debtor fails to file an answer challenging the number of creditors, it has waived any argument concerning the adequacy of the petition."); and *Seidle v. Kwik Copy, Inc. (In re Belize Airways Ltd.)*, 18 B.R. 485, 488 (Bankr. S.D. Fla. 1982) ("Courts faced with the issue have consistently held that similar collateral attacks by disgruntled creditors will not be permitted especially where, as here, the alleged jurisdictional defects in the involuntary petition are merely procedural and have been waived by the debtor's consent to the entry of an order for relief.").[3]  Without explanation, the Bankruptcy Court either did not consider or rejected this law.

---

[2]    Following Royal's initial response to the Motion to Dismiss, the Bankruptcy Court ordered Royal to file an answer specifically addressing each Motion to Dismiss allegation.

[3]    See also the following cases cited in *Belize Airways* for the following propositions:

> *Bumb v. Valley Elec. Co.*, 419 F.2d 107 (9th Cir. 1969) (defendant/creditor in preference action commenced by Trustee may not collaterally attack adjudication on the ground that two of three petitioning creditors were not, in fact, creditors); *Huttig Mfg. Co. v. Edward*, 160 F. 619 (8th Cir. 1908) (defendant/creditor in a preference action may not collaterally attack adjudication by alleging that one of three petitioning creditors was not a creditor); *Teiger v. Stephan Oderwald, Inc.*, 31 F. Supp. 626 (S.D.N.Y. 1940) (defendant/creditor in a preference action may not collaterally attack adjudication by alleging that two of three petitioning creditors have no provable claims); *In re Earl's Tire Serv., Inc.*, 6 B.R. 1019 (D. Del. 1980) (non-petitioning creditor had no standing to seek dismissal of involuntary petition on the ground that the petition was filed by one creditor when the alleged debtor had in excess of 12 creditors).

*Id.* at 488.  Royal also points the Court to *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035 (11th Cir. 2008), where the Eleventh Circuit engaged in an extensive analysis of this issue and concluded that 11 U.S.C. § 303(b) does not implicate subject

    iii.  **Substantial Grounds for a Difference of Opinion Exist as to Whether the Entry of the Order for Relief Mooted the Motion to Dismiss**

  35.  The final issue concerns whether the Bankruptcy Court's actual entry of the *Order for Relief* mooted the Motion to Dismiss.  Royal submits that once the Bankruptcy Court entered the *Order for Relief*, the bankruptcy case can no longer be dismissed pursuant to § 303.  Similarly, upon entry of the *Order for Relief*, any alleged damage claim under § 303(i) was eliminated given – as acknowledged by Sunrich on page 7 of its October 12, 2010 objection – "in order for a party to have access to 11 U.S.C. § 303(i)'s remedies, dismissal of the Involuntary Petition is required." (citing *R. Eric Peterson Const. Co., Inc. v. Quintek, Inc. (In re R. Eric Peterson Const. Co., In*c.), 951 F.2d 1175, 1179 (10th Cir. 1991)).

  36.  Sunrich relies on Federal Rule of Bankruptcy Procedure 1013(a), which states:

> The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, **or any other appropriate order**.

Emphasis added.

  37.  Based on the bolded text, Sunrich concludes that the Bankruptcy Court may enter a conditional order for relief.[4]  On page 8 of its October 12, 2010 objection,

---

matter jurisdiction and that the debtor's objection to the involuntary petition on grounds of non-compliance with § 303(b) was waived.

[4]  Here, the Bankruptcy Court entered an unequivocal *Order for Relief* but also entered the separate Stipulation Order providing that the *Order for Relief* shall not in any way impact or affect the rights or remedies available to the parties, if any, under 11 U.S.C. § 303(i) or otherwise.  This effectively resulted in a conditional order for relief.

Sunrich cites one case for this extraordinary relief, *In re Ottawa River Steel Co.*, 331 B.R. 340 (Bankr. N.D. Ohio 2005). *Ottawa*, though, does not support the Bankruptcy Court entering a conditional order for relief. Rather, *Ottawa* involved the debtor and petitioning creditors agreeing to entry of a consent order that set the effective date for the order for relief. *Id.* at 341 (in consent order, "[i]t was recited that the 'parties have agreed to allow the ongoing liquidation process to continue until July 10, 2001, and have agreed that an order for relief will be entered effective July 11, 2001.'"). Thus, the *Ottawa* court entered an <u>un</u>conditional order for relief. *Ottawa* is the only case law relied upon by Sunrich.

38.     Rather than contemplating bankruptcy courts entering conditional orders for relief, Rule 1013 is merely one of "[s]everal rules of bankruptcy procedure [that] affect the timing of the hearing and disposition of a petition in an involuntary case." *In re Taub*, 2010 WL 3504097, *6 (Bankr. E.D.N.Y. Sept. 7, 2010). In this regard, Rule 1013 is actually intended to expedite resolution of contested involuntary petition issues, and not indefinitely delay them as Sunrich proposed:

> [t]he purpose of this rule is "the avoidance, to the extent possible, of the consequences of the involuntary petition in the absence of the entry of an order for relief[,]" which may include "loss of credit standing, a chilling effect on the willingness of creditors and third parties to transact business in the ordinary course, and possible public embarrassment." *In re Immudyne, Inc.*, 218 B.R. 860, 862 (Bankr. S.D. Tex. 1998) (citing *In re Reid*, 773 F.2d 945 (7th Cir. 1985)). The rule "recognizes that the interests of both the debtor and the creditors are best served by prompt resolution of the issues raised by an involuntary bankruptcy petition." 9 Collier on Bankruptcy ¶ 1013[02] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.).

*Id.* See also *In re Selectron Mgnt. Corp.*, 2010 WL 3811863, *4 (Bankr. E.D.N.Y. Sept.

27, 2010) (court acted *sua sponte* under Rule 1013(a) and scheduled hearing for a trial on whether court should either abstain or dismiss the instant involuntary petition);  *In re St. Marie Dev. Corp. of Montana, Inc.*, 334 B.R. 663, 677 (Bankr. D. Mont. 2005) ("[R]ule 1013(a) is designed for speedy resolution of an involuntary petition to benefit both creditor's relief and debtor's protection."); and *In re Rebeor*, 93 B.R. 16, 20 (Bankr. N.D.N.Y. 1988) ("[T]he Code's liberal approach to the commencement of an involuntary case did not alter the practical necessity for its speedy disposition, for the suspension engendered by the debtor's uncertain status adversely impacts upon the interests of all involved.  []  Indeed, the language of Code § 303 and its accompanying rules, Bankr. R. 1010, 1011, 1013, 1018, impart a sense of urgency through the repeated use of mandatory language such as 'shall' and the presence of such terms as 'forthwith' and 'as soon as practicable.'") (citations omitted).

39.    At least one court, after holding a creditor did not have standing to contest an involuntary petition due to its interest in protecting a preference or gaining some other unfair advantage at the expense of other creditors, implicitly recognized that § 303 grounds for dismissal no longer exist upon entry of an order for relief:

> There are, of course, grounds on which parties in interest may seek dismissal of any Chapter 11 case after an order for relief has been entered, including motions to dismiss or abstain pursuant to 11 U.S.C. §§ 1112 and 305(a).

*In re MarketXT Holdings Corp.*, 347 B.R. 156, 160 n.4 (Bankr. S.D.N.Y. 2006).

40.    Lastly, as a practical matter, leaving the Motion to Dismiss pending is unworkable as discussed above in relation to the Bankruptcy Court's jurisdiction.  The

stated purpose of Sunrich and the Trustee is to utilize the Bankruptcy Court to sell the

Debtor's assets.  Because an involuntary case can only be dismissed pursuant to § 303

based on related jurisdictional deficiencies, that issue must be decided at the inception

of a case.  Here, the Bankruptcy Court has entered an *Order for Relief* following

acknowledgments by the Trustee that the case belongs in the Bankruptcy Court and

Sunrich's admission that it is in the best interests of the Debtor and its creditors to sell

the Debtor's assets "in accordance with the procedures provided for in the Bankruptcy

Code."  Royal questions how the Bankruptcy Court can allow the sale of the Debtor's

assets, pursuit of avoidance actions including the preference claim against Sunrich's

affiliate SunOpta Food Group LLC, and otherwise allow the parties to take full

advantage of the bankruptcy process, but then hear a motion to dismiss to determine if

the case should have even been before the Bankruptcy Court in the first instance.  And

if the Motion to Dismiss is somehow granted, how would that affect the orders entered

after the date of the *Order for Relief* and the Bankruptcy Court's jurisdiction to enforce

them?  This needless uncertainty would likely chill bidding on the Debtor's assets (which

is consistent with Sunrich's stated intent to purchase the assets).

### C.   AN IMMEDIATE APPEAL FROM THE BANKRUPTCY ORDER WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

41.   The last factor is whether an immediate appeal will materially advance the

ultimate termination of the litigation.  There is currently pending discovery related to the

Motion to Dismiss against the parties and their counsel that will only escalate unless

eliminated by the Court denying or striking the Motion to Dismiss.  In addition, there are

pending motions to quash and for protective orders relating to that discovery.  And because the Motion to Dismiss has yet to be adjudicated, a needless trial looms.

42.     Given the narrow legal questions presented, the answers to which will completely resolve the Motion to Dismiss, related discovery, potential trial, and jurisdictional issues, it is appropriate to consider Royal's interlocutory appeal now.  Any of the three issues presented on appeal is dispositive of all of the foregoing and thus an immediate appeal with materially advance the ultimate termination of the litigation.

43.     Royal intends to promptly seek a stay pending appeal pursuant to Fed. R. Bankr. P. 8005 if this Motion is granted.

## V.     A COPY OF THE ORDER – RULE 8003(A)(4)

44.     Pursuant to Fed. R. Bankr. P. 8003(a)(4), a copy of the Bankruptcy Court's October 26, 2010 *Order Granting Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of Order for Relief* is attached as **Exhibit A**.  For ease of reference, the *Order for Relief* is attached as **Exhibit B**.

WHEREFORE, for the foregoing reasons, Royal respectfully requests that the

Court grant it leave to pursue an interlocutory appeal of the Stipulation Order; and for

such other and further relief that the Court deems proper.

Respectfully submitted this 9th day of November, 2010.

HOROWITZ & BURNETT, P.C.

*s/Bart B. Burnett*
Bart B. Burnett, # 21258
Robert M. Horowitz, # 17848
Kevin S. Neiman, # 36560
1660 Lincoln Street, Suite 1900
Denver, CO  80264
Telephone:    (303) 996-8600
Fax:          (303) 996-8637
E-mail:       bburnett@hblegal.net
              rhorowitz@hblegal.net
              kneiman@hblegal.net

*Attorneys for Royal Electrical Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via regular U.S. mail, first class postage prepaid, upon the following parties and counsel this 9th day of November, 2010:

Carl A. Eklund, Esq.
Ballard Spahr LLP
1225 17th Street, Suite 2300
Denver, CO  80202

Eric A. Bartsch, Esq.
W. Teague Orgeman, Esq.
Stoel Rives LLP
33 S. Sixth Street, Suite 4200
Minneapolis, MN  55402

Danny C. Kelly, Esq.
Stoel Rives LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT  84111

Thomas W. Snyder, Esq.
Jeremy D. Peck, Esq.
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, CO  80202

Lee M. Kutner, Esq.
David M. Miller, Esq.
Kutner Miller Brinen, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO  80203

Patrick D. Vellone, Esq.
Penny T. Platnick, Esq.
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, CO  80202

Joanne C. Speirs, Esq.
Office of U.S. Trustee
999 18th Street, Suite 1551
Denver, CO  80202

s/Debra J. Howell
Debra J. Howell, Paralegal to
  Bart B. Burnett

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Involuntary Chapter 11 |
| | ) | |
| COLORADO SUN OIL PROCESSING, LLC, | ) | Case No. 10-24424 SBB |
| | ) | |
| EIN: 26-2175087 | ) | |
| | ) | |
| Debtor. | ) | |

### ORDER GRANTING STIPULATION TO RESOLVE CONDITIONAL
### OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER FOR RELIEF
_____

**THIS MATTER** comes before the Court on the *Stipulation To Resolve Conditional Objection To Debtor's Motion For Entry Of Order For Relief* (the "Stipulation") submitted by the duly-appointed Chapter 11 Trustee, Harvey Sender (the "Trustee"), for the above-captioned debtor (the "Debtor") and Sunrich LLC ("Sunrich" and together with the Trustee, the "Parties"). The Court, having considered the Stipulation, the Motion, and the Objection of Royal Electric to the Stipulation, and having reviewed the file and finding good cause therefor, does hereby

**ORDER** that an order for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, shall be entered contemporaneously with the entry of this Order; and

**IT IS FURTHER ORDERED** that neither this Order nor the order for relief shall result in the dismissal or withdrawal of Sunrich's pending Motion to Dismiss Involuntary Petition (Doc. No. 12) without further order of the Court; and

**IT IS FURTHER ORDERED** that neither this Order nor the order for relief shall in any way impact or affect the rights or remedies available to the Parties, if any, under Bankruptcy Code section 303(i) or otherwise; and

**IT IS FURTHER ORDERED** that the ten-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby modified to allow the relief granted to become effective immediately upon the entry of this Order.

Dated this 26th day of October, 2010.

BY THE COURT:

_____
United States Bankruptcy Judge

**EXHIBIT B**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Bankruptcy Judge Sid Brooks

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case No. |
| COLORADO SUN OIL PROCESSING, LLC | ) | 10-24424-SBB |
| | ) | Involuntary Chapter 11 |
| Debtor. | ) | |
| | ) | |
| Employer's Tax Identification | ) | |
| No. [if any]: 26-2175087 | ) | |

### ORDER FOR RELIEF

THIS MATTER comes before the Court on the Consent for Order for Relief filed by the Chapter 11 Trustee on September 22, 2010, and the Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of Order for Relief, as well as Royal Electrical Services, Inc.'s Objection to the Stipulation. The Court, having reviewed the pleadings and being advised in the premises,

DOES ORDER that an order for relief under Chapter 11 of the Bankruptcy Code (Title 11 of the United States Code) is granted.

IT IS FURTHER ORDERED that the Chapter 11 Trustee shall file all documents required pursuant to Local Bankruptcy Rule 1007-1 and 11 U.S.C. § 521, including the schedules, statement(s) of affairs, and mailing matrix on or before **November 9, 2010.**

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order on the Chapter 11 Trustee and counsel for the Chapter 11 Trustee, Debtor and counsel for the Debtor, the Petitioning Creditors and counsel for the Petitioning Creditors, the United States Trustee, and all parties and their counsel who have entered an appearance and requested notice in the within case.

Dated this 26th day of October, 2010.

BY THE COURT:

Sidney B. Brooks,
United States Bankruptcy Judge