## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

In Re:

Colorado Sun Oil Process LLC,
EIN:  26-2175087,

                Debtor.                     Civil Action No. 1:10-cv-02755-JLK

Royal Electrical Services, Inc.,

                Appellant,

v.

Harvey Sender, chapter 11 trustee, and
Sunrich LLC,

                Appellees.

### APPELLEE SUNRICH LLC'S ANSWER TO APPELLANT ROYAL ELECTRICAL SERVICES, INC.'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

Sunrich LLC ("Sunrich") hereby objects to Royal Electrical Services, Inc.'s ("Royal Electrical") Motion for Leave to File Interlocutory Appeal (the "Motion for Leave to Appeal").

### <u>INTRODUCTION</u>

On June 9, 2010, Royal Electrical, a creditor of debtor Colorado Sun Oil Processing LLC's ("CSOP"), filed a baseless petition in the bankruptcy court seeking to put CSOP into involuntary bankruptcy.  Royal Electrical acted together with Colorado Mills LLC ("Colorado Mills"), a company based in Lamar, Colorado, who owns half of the membership units of CSOP. Prior to the bad faith bankruptcy filing, Colorado Mills had sued Sunrich, the other half-owner of CSOP, in a Colorado state court action, which is currently stayed with respect to issues before the Bankruptcy Court.

Sunrich appeared in the bankruptcy action started by Royal Electrical and Colorado Mills and moved to dismiss it by filing a Motion to Dismiss (the "Motion to Dismiss"). In that motion, presently pending before the Bankruptcy Court, Sunrich has shown that Royal Electrical and Colorado Mills acted together to wrongfully interfere with, and ultimately undermine, a June 2, 2010, Order in the state court action. That Order required dissolution of CSOP and the sale of its assets pursuant to a dissolution clause found in a governing Joint Venture Agreement. The Joint Venture Agreement requires dissolution and sale of the assets of CSOP "as soon as possible" once a deadlock of the two owners, Sunrich and Colorado Mills, occurs. The state court determined that Sunrich and Colorado Mills were irreconcilably deadlocked in its June 2, 2010 Order. Because of the bankruptcy petition filed by Royal Electrical, CSOP has not been dissolved. Nor have its assets been sold "as soon as possible."

Because the involuntary petition is groundless for several statutory reasons, including the bad faith motive of the filers, Sunrich served various forms of discovery in preparation for the upcoming two-day evidentiary hearing on the pending Motion to Dismiss. Royal Electrical and Colorado Mills both filed Motions to Quash and for Protective Order to avoid producing subpoenaed discovery. Sunrich has opposed the Motions to Quash and for Protective Order, and the matter is presently awaiting ruling by the Bankruptcy Court.

Now, on the eve of a ruling on the Motions to Quash and for Protective Order, which Sunrich expects the Bankruptcy Court to deny, Royal Electrical has filed the instant Motion for Leave to Appeal. The Motion for Leave to Appeal is an unctuous effort to avoid the production of incriminating documents which, upon information and belief, will confirm that the involuntary petition was filed for an improper purpose, entitling Sunrich and the debtor to recover the remedies provided for in 11 U.S.C. §303(i) and other appropriate sanctions. Royal Electrical's

2

refusal to turn over incriminating documents relevant to Sunrich's Motion to Dismiss is not sufficient reason for the Court grant Royal Electrical's Motion for Leave to Appeal.

This Court should deny Royal Electrical's Motion for Leave to Appeal. The proposed interlocutory appeal does not involve a controlling question of law over which there is a substantial ground for difference of opinion, an immediate appeal does not materially advance the ultimate termination of the litigation, and there are no exceptional circumstances that warrant granting leave to file an interlocutory appeal. Most importantly, the issues raised in Royal Electrical's Motion for Leave to Appeal are presently pending in multiple motions before the Bankruptcy Court.

## FACTS

I.      **Background**

A.      **The Petition for Involuntary Bankruptcy and the Motion to Dismiss**

1.      On June 9, 2010, Royal Electrical filed an involuntary petition against CSOP in which Royal Electrical alleged that CSOP owed Royal Electrical $15,874.39.[1] (Doc No. 1[2].) Royal Electrical's involuntary petition was not joined by any of CSOP's other creditors at the time it was filed. (*Id.*) Royal Electrical's involuntary petition has, to date, not been joined by

---

[1] There is a *bona fide* dispute as to the actual amount allegedly owed by CSOP to Royal Electrical. For instance, there is a *bona fide* dispute as to whether interest is owed by CSOP to Royal Electrical. On October 6, 2010, contrary to what Royal Electrical and its attorneys have previously represented to the Bankruptcy Court (Doc. Nos. 21 at 16 and 21-7 at 8), Royal Electrical admitted that a portion of the debt allegedly owed by CSOP to Royal Electrical contains an interest component of $2,736.34. (Doc. No. 93.) Without this interest component included, the debt allegedly owed by CSOP to Royal Electrical falls below the dollar threshold required by 11 U.S.C. § 303(b)(1).

[2] Per Gregory C. Langham's November 12, 2010, letter to all Parties of Interest (Doc. No. 5 in the matter before this Court), citations in this Answer refer to documents in the docket sheet of the United States Bankruptcy Court in *In re: Colorado Sun Oil Processing LLC,* Case No. 10-24424-SBB.

3

any of CSOP's other creditors.  Pursuant to 11 U.S.C. § 303, an involuntary petition should be dismissed if (a) it is filed in bad faith, (b) if the debtor was generally paying its debts as they came due at the time the petition was filed, (c) if the petition is predicated on a debt over which a *bona fide* dispute exists.

2.    Sunrich filed its Motion to Dismiss the Involuntary Petition on June 25, 2010. (Doc. No. 12.)  In the Motion to Dismiss, Sunrich asserted that the involuntary petition should be dismissed for the following reasons: the amount allegedly owed by CSOP to Royal Electrical is subject to a *bona fide* dispute as to liability and amount, CSOP was generally paying its debts as they became due at the time the involuntary petition was filed, and the involuntary petition is a bad faith, collusive filing by Royal Electrical, working in conjunction with Colorado Mills and its counsel.  (*Id.*)

3.    Royal Electrical filed a Response to the Motion to Dismiss on July 9, 2010.  (Doc. No. 21.)  The Bankruptcy Court deemed Royal Electrical's Response unsatisfactory, and Royal Electrical was ordered to submit a pleading that complied with Fed. R. Civ. P. 8, which it did on August 6, 2010.  (Doc. No. 47.)

4.    Sunrich filed a Reply in Support of Motion to Dismiss Involuntary Petition on July 16, 2010 (the "Reply").  (Doc. No. 30.)  In the Reply, Sunrich reiterated that the involuntary petition should be dismissed because, as of June 9, 2010, CSOP was paying its debts as they became due.  (*Id.*)  Sunrich further asserted that Royal Electrical and Colorado Mills schemed to file the involuntary petition in bad faith as part of Colorado Mills' litigation strategy to postpone liquidation of CSOP pursuant to a state court order in a separate proceeding.  (*Id.*)

5.    The Bankruptcy Court held a hearing on the Motion to Dismiss on July 20, 2010, but the Bankruptcy Court did not rule on the Motion to Dismiss during the July 20, 2010,

hearing. Instead, the Court set the Motion to Dismiss over for evidentiary hearing on October 21-22, 2010. (Doc. No. 33 at 1-2.) Pursuant to a later stipulation (Doc. No. 68.), the Bankruptcy Court postponed the evidentiary hearing, which will be rescheduled once an interested party files a motion requesting that the evidentiary hearing be rescheduled (Doc. No. 75). On November 23, 2010, Sunrich filed a motion requesting a date certain for the evidentiary hearing on Sunrich's pending Motion to Dismiss. (Doc. No. 155.)

**B.    Sunrich's Emergency Motion to Appoint Trustee**

6.      On August 6, 2010, Sunrich, pursuant to 11 U.S.C. §§ 105(a) and 1104(a), filed an Emergency Motion to Appoint a Trustee (the "Trustee Motion") and remove Colorado Mills from its position of operational control over CSOP. (Doc. No. 39.) In the Trustee Motion, Sunrich cited deadlock by CSOP's board of directors and mismanagement of CSOP's day-to-day operations by Colorado Mills as reasons supporting the appointment of a Trustee. (*Id.*)

7.      Colorado Mills responded to the Trustee Motion by filing an Opposition (In Part) to Emergency Motion to Appoint Trustee. (Doc. No. 53.) Royal Electrical took no position on the Trustee Motion.

8.      The Bankruptcy Court held a hearing on the Trustee Motion on August 16, 2010. At the conclusion of the August 16, 2010, hearing, the Bankruptcy Court entered an Order granting the Trustee Motion. (Doc. No. 56.) The Bankruptcy Court's Order directed the United States Trustee to appoint a trustee who "may exercise all duties under 11 U.S.C. section 1106." (*Id.*)

9.      Notably, at the time CSOP's Trustee was appointed, Royal Electrical did not, as it now does in its Motion for Leave to Appeal (Doc. No. 134 at ¶¶ 22, 30-33), argue that the appointment of a trustee deprived Sunrich of standing to maintain its pending Motion to Dismiss.

**C.**      **The Order Granting Stipulation to Resolve Conditional Objection and the Order for Relief**

10.       On September 27, 2010, the Trustee filed a motion entitled Debtor's Consent for Order for Relief (the "Consent Motion"). (Doc. No. 88.) The Consent Motion states as follows: "Harvey Sender, the duly appointed chapter 11 trustee herein (the "Trustee") for the estate of Colorado Sun Oil Processing LLC (the "Debtor"), hereby consents to the entry of an order for relief under chapter 11 of title 11 of the United States Code." (*Id.*)

11.       On October 12, 2010, Sunrich filed a Conditional Objection to Entry of Order for Relief (the "Conditional Objection"). (Doc. No. 105.) In the Conditional Objection, Sunrich stated that it "does not object to the entry of an Order for Relief, provided that Order is entered without prejudice to Sunrich's pending Motion to Dismiss and the remedies available to Sunrich and the debtor under 11 U.S.C. § 303 are preserved." (*Id.* at 1.)

12.       Then, on October 21, 2010, the Trustee and Sunrich entered into a Stipulation to Resolve Conditional Objection to Debtor's Motion of Entry of Order for Relief (the "Stipulation to Resolve Conditional Objection"). (Doc. No. 112.) Sunrich and the Trustee asked the Court to enter a stipulated order as part of the Stipulation to Resolve Conditional Objection. The proposed stipulated order said, in part, "that neither this Order nor the order for relief shall result in the dismissal or withdrawal of Sunrich's pending Motion to Dismiss Involuntary Petition (Doc. No. 12) without further order of the Court." (Doc. No. 112-1.) The proposed stipulated order also provided "that neither this Order nor the order for relief shall in any way impact or affect the rights or remedies available to the [Trustee and Sunrich], if any, under bankruptcy Code section 303(i) or otherwise." (*Id.*)

13.       Royal Electrical lodged an objection to the Stipulation to Resolve Conditional Objection. (Doc. No. 115.) Royal Electrical argued that the Stipulation to Resolve Conditional

70388818.2 0039265-00035

Objection contained "two legal substantive deficiencies" and complained that "the Trustee and Sunrich have now entered into the Stipulation that contemplates the exact conditional order for relief that Sunrich sought – one that preserves Sunrich's ability to seek dismissal and damages under 11 U.S.C.§ 303." (*Id.* at 2-3.) Royal Electrical requested that the Court "order the Trustee and Sunrich to notice the Stipulation pursuant to Local Rule 9013-1, which will permit Royal and other interested parties the opportunity to draft, file, and be heard on their objections to the legally unsupportable relief that the Trustee and Sunrich seek." (*Id.* at 3-4.)

14.     The Bankruptcy Court did not accept Royal Electrical's arguments.  On October 26, 2010, the Bankruptcy Court entered an Order Granting Stipulation to Resolve Conditional Objection to Debtor's Motion for Entry of Order for Relief (the "Order Granting Stipulation"). (Doc. No. 119.)  The Order Granting Stipulation exactly tracks the language proposed by the Trustee and Sunrich and objected to by Royal Electrical.  Specifically, the Order Granting Stipulation orders that "neither this Order nor the order for relief shall result in the dismissal or withdrawal of Sunrich's pending Motion to Dismiss Involuntary Petition (Doc. No. 12) without further order of the Court." (*Id.*)  The Order Granting Stipulation also states that "neither this Order nor the order for relief shall in any way impact or affect the rights or remedies available to the Parties, if any, under Bankruptcy Code section 303(i) or otherwise." (*Id.*)

15.     On October 26, 2010, in conjunction with the Order Granting Stipulation, the Bankruptcy Court also entered an Order for Relief.  (Doc. No. 120.)

16.     Royal Electrical filed the instant Motion for Leave to Appeal to challenge the Bankruptcy Court's Order Granting Stipulation.   (Doc No. 134 at 1-2.)  Royal Electrical's Motion for Leave to Appeal seeks the additional relief of "entry of an Order of the Court denying or striking the motion to Dismiss with prejudice." (*Id.* at ¶ 23.)

7

**D.      Sunrich's Document Subpoena to Royal Electrical**

17.      Sunrich served a document subpoena on Royal Electrical on or around August 18, 2010.  (Doc. No. 101-1.)  The subpoena seeks documents relating to the amount of and liability for the debt allegedly owed by CSOP to Royal Electrical, whether CSOP was generally paying its debts as they became due at the time the involuntary petition was filed, and communications Royal Electrical had regarding the discussion and strategy that resulted in the filing of the involuntary petition.

18.      On August 30, 2010, prior to the production deadline for Sunrich's document subpoena to Royal Electrical, Sunrich entered into a Stipulation with Colorado Mills, Royal Electrical, and CSOP's Trustee to postpone and reschedule the evidentiary hearing on Sunrich's pending Motion to Dismiss the involuntary petition (the "Stipulation to Postpone and Reschedule").  (Doc. No. 68.)  The Stipulation to Postpone and Reschedule, in relevant part, stated:

> Sunrich has initiated various discovery from Colorado Mills, Royal Electrical, CSOP, each of their respective attorneys, some of the vendors and several of the customers of CSOP (the "Subpoenaed Parties").  CSOP shall determine which of the Subpoenaed information CSOP has in its possession and make the requested information available to all parties in interest, subject to any good faith objections by CSOP based upon privilege, scope or relevancy. Sunrich shall notify the Subpoenaed Parties from whom Sunrich has sought discovery that Sunrich's current discovery requests have been stayed during the production of documents by CSOP. Such notice shall be in writing and shall state that no response to the subpoenas will be required unless, and until, further written notice has been given, which notice will provide no less than 14 days time for either production or objection.

(*Id.* at ¶ 3.)  The signatories to the Stipulation to Postpone and Reschedule agreed to "reserve all rights to take and object to discovery, including Subpoenaed Party discovery."  (*Id.* at ¶ 4.)  Royal Electrical executed the Stipulation to Postpone and Reschedule, entered after the

appointment of CSOP's Trustee, which expressly contemplates that the Bankruptcy Court will hear Sunrich's Motion to Dismiss.

19.     The Bankruptcy Court entered an Order approving the Stipulation to Postpone and Reschedule on September 8, 2010. (Doc. No. 75.)

20.     Royal Electrical, despite the opportunity to do so, did not move for leave to file an interlocutory appeal to vacate the Bankruptcy Court's Order approving the Stipulation to Postpone and Reschedule.

**E.     Royal Electrical's Pending Discovery Motions Before the Bankruptcy Court Related to Sunrich's Pending Document Subpoenas**

21.     On September 28, 2010, Sunrich notified Royal Electrical that Sunrich was rescinding the stay of the document subpoena served on Royal Electrical by Sunrich, pursuant to the terms of the Stipulation to Postpone and Reschedule. (Doc. No. 101-2.) Sunrich requested that Royal Electrical produce responsive documents on or before October 12, 2010. (*Id.*)

22.     Royal Electrical answered Sunrich's correspondence by refusing to produce responsive documents. (Doc. No. 101-3.) In its letter, Royal Electrical indicated an intention to file a motion to quash and for protective order. (*Id.*)

23.     Shortly after receiving Royal Electrical's responsive communication, Sunrich replied to Royal Electrical's correspondence. (Doc. No. 101-4.) Sunrich refused to withdraw the document subpoena served on Royal Electrical on the grounds that Sunrich's Motion to Dismiss is pending, the issues surrounding Sunrich's Motion to Dismiss are not moot, and various documents withheld by the subpoenaed entities are not properly subject to either the attorney-client privilege or work product doctrine. (*Id.*)

24.     Royal Electrical subsequently filed a motion to quash and a motion for protective order (the "Discovery Motions"). (Doc. Nos. 101 and 102.) In its Discovery Motions, Royal

Electrical argued that Sunrich does not have standing to prosecute the Motion to Dismiss and that Sunrich's Motion to Dismiss is moot. (Doc. No. 101 at 1-2, 5-7, and 11.)

25.     Royal Electrical's Discovery Motions are still pending before the Bankruptcy Court.

26.     Royal Electrical's Motion for Leave to Appeal acknowledges that the Discovery Motions are still pending. (Doc. No. 134 at ¶ 14.) Royal Electrical's Motion for Leave to Appeal further acknowledges that Royal Electrical's Discovery Motions argue that the filing of the Consent Motion mooted Sunrich's Motion to Dismiss and that Sunrich does not have standing to pursue its Motion to Dismiss due to the Trustee's appointment. (*Id.*) Royal Electrical has made identical arguments in the instant Motion for Leave to Appeal. (*Id.* at ¶¶ 30-40.) Sunrich has filed an Objection to Royal Electrical's Discovery Motions that substantively addresses each of the three "questions presented" in Royal Electrical's Motion for Leave to Appeal. (Doc. No. 138 at 9-14.)

27.     Royal Electrical's Motion for Leave to Appeal asks this Court to grant leave to appeal to hear issues that, by Royal Electrical's own admission, are still pending before the Bankruptcy Court.

**F.    Colorado Mills' Five Pending Motions Before the Bankruptcy Court**

28.     On November 17, 2010, Colorado Mills filed a Motion for Summary Judgment, requesting that the Bankruptcy Court deny Sunrich's Motion to Dismiss. (Doc. No. 142.)

29.     That same day, Colorado Mills filed the following motions: Motion for Reconsideration of Order Granting Stipulation to Resolve Conditional Objection to Debtor's Motion of Entry of Order for Relief Dated October 26, 2010 (Doc. No. 143), Motion for Clarification of Order Granting Stipulation to Resolve Conditional Objection to Debtor's Motion

of Entry of Order for Relief Dated October 26, 2010 (Doc. No. 144), Motion for Stay Pending Resolution of Motion for Summary Judgment (Doc. No. 145), and Motion, Alternatively, for Leave to File Reply to Response to Motions to Quash (Doc. No. 146).

30.    Colorado Mills' rash of five motions filed on November 17, 2010, share a common characteristic with Royal Electrical's Motion for Leave to Appeal: all argue that Sunrich's Motion to Dismiss should be denied.  Colorado Mills' five motions are presently pending before the Bankruptcy Court.

**G.    Sunrich Moves to Reschedule the Hearing on the Motion to Dismiss for a Date Certain.**

31.    On November 23, 2010, pursuant to the Stipulation to Postpone and Reschedule (Doc. No. 68) and the Bankruptcy Court's Order dated September 8, 2010, stating that the Bankruptcy Court "shall reschedule the hearing, along with its related pre-hearing deadlines, to a date and time available on the Court's calendar upon the filing of a motion by an interested party requesting the matter be rescheduled for hearing," (Doc. No. 75), Sunrich filed a motion requesting that the evidentiary hearing on Sunrich's Motion to Dismiss be rescheduled for a date certain.  (Doc. No. 155.)

## <u>ARGUMENT</u>

**I.    Standard Used To Evaluate Whether to Grant Leave to Hear Interlocutory Appeal**

An interlocutory appeal from a bankruptcy court's order will be heard only where the district court grants leave to appeal.  28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8003.  In seeking leave to appeal, the moving party must explain, among other things, "the reasons why an appeal should be granted." Fed. R. Bankr. P. 8003(a)(3).  Accordingly, "the issue in a motion for leave to appeal from an interlocutory order in bankruptcy court is not whether the bankruptcy court 'got it wrong' but whether an appeal is proper." *Columbia Cas. Co. v. Markus,* No. 2:06-CV-

00590 PGC, 2006 U.S. Dist. LEXIS 64181, at *10 (D. Utah Sept. 7, 2006).  Whether an appeal is proper is an issue left to the discretion of the district court.  28 U.S.C. § 158(a)(3); *see In re Overland Park Financial Corp.*, 300 B.R. 534 (D. Kan. 2003).

Section 158(a)(3) of Title 28 of the United States Code does not provide guidelines as to when it is appropriate for a district court to grant leave to bring an interlocutory appeal from a bankruptcy court's order.  The majority of reviewing courts "have read the requirements of [28 U.S.C.] § 1292, which govern interlocutory appeals from the district court to the circuit court, into [28 U.S.C.] § 158(a)(3)."  *United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999).  Section 1292 of Title 28 of the United States Code provides the "limited statutory exception" for permitting interlocutory appeals. *Graham v. Hartford Life And Accident Ins. Co.*, 501 F.3d 1153, 1157 n.2 (10th Cir. 2007).  Under 28 U.S.C. § 1292(b), an order not otherwise appealable may be appealed if the order involves (1) a controlling question of law over which (2) there is a substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 883 (1994); *Duke v. Grady Municipal Schools*, 127 F.3d 972, 973 n.1 (10th Cir. 1997); *McCarn v. WYHY Fed. Credit Union (In re McCarn)*, 218 B.R. 154, 157 (B.A.P. 10th Cir. 1998); *In re Fox*, 241 B.R. at 232.

Courts in the Tenth Circuit have further refined 28 U.S.C. 1292(b)'s three-pronged standard in the context of considering whether leave should be granted to appeal from a bankruptcy court's non-final order.  Specifically, these courts have stated that leave to appeal should only be granted in exceptional circumstances. *In re Fox*, 241 B.R. at 232 (quoting *In re McCarn*, 218 B.R. at 157).  Interlocutory appeal is not intended as a vehicle to provide early

review of difficult rulings in hard cases, but is limited to extraordinary cases where appellate review might avoid protracted and expensive litigation. *Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1995).

Because of the disruptive and delaying effect an interlocutory appeal has on judicial proceedings, "[i]nterlocutory appeals have long been disfavored in the law, and properly so." *Carpenter v. The Boeing Co.*, 456 F.3d 1183, 1189 (10th Cir. 2006). *See In re Den-Col Cartage & Distribution, Inc.*, 20 B.R. 645, 648 (D. Colo. 1982) (holding that in the absence of evidence that the moving party will suffer irreparable injury if its appeal is not heard, the potential of injury to other parties and the danger of disrupting the bankruptcy proceedings weigh against hearing the appeal).

## II.     An Interlocutory Appeal Will Not Materially Advance Ultimate Termination of the Litigation

The third prong of 28 U.S.C. § 1292(b), requiring that an immediate appeal advance the ultimate termination of the litigation, is the critical consideration for courts considering interlocutory appeals.  Avoidance of wasted trial court time is a "primary purpose of §1292(b)." *Kennecott Corp.*, 14 F.3d at 1495.  Congress enacted "'§1292(b) . . . to permit interlocutory appeals only for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Carolina Indus. Prods., Inc, v. Learjet, Inc.*, 194 F. Supp. 2d 1170, 1176-77 (D. Kan. 2002) (quoting 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3930).  Accordingly, an interlocutory appeal is appropriate only in those instances in which an immediate appeal from an order may materially advance the ultimate determination of the action. *See Crossingham Trust v. Baines (In re Baines)*, 528 F.3d 806, 810 n.2 (10th Cir. 2008).  Royal Electrical's appeal will neither accelerate nor simplify the Bankruptcy Court's proceedings, as

Royal Electrical's appeal is piecemeal and overlaps with motions pending in the Bankruptcy Court.

### A. The "Questions Presented" Identified in Royal Electrical's Motion for Leave to Appeal are Pending in At Least Eight Motions Before the Bankruptcy Court

If the Court were to grant Royal Electrical's Motion for Leave to Appeal, the result would be inefficiency, as the same issues raised in Royal Electrical's Motion for Leave to appeal are presently pending before Judge Brooks in Royal Electrical's Discovery Motions, Colorado Mills' five motions filed on November 17, 2010, and Sunrich's Motion to Dismiss. A scenario in which multiple actions covering the same issues are proceeding before multiple courts stands in opposition to considerations of judicial economy. *J.S. II, L.L.C. v. Snitzer (In re J.S. II, L.L.C.)*, No. 08 C 3582, 2009 U.S. Dist. LEXIS 26955, at *14 (N.D. Ill. Mar. 31, 2009) (citing *In re Wade*, 991 F.2d 402, 409 (7th Cir. 1993)). The prospect of simultaneous proceedings related to the same subject matter is a reason to deny a motion for leave to grant interlocutory appeal. *See In re J.S. II, L.L.C*, 2009 U.S. Dist. LEXIS 26955, at *14.

Royal Electrical's Motion for Leave to Appeal raises exactly the same issues as Royal Electrical's Discovery Motions, which are currently awaiting resolution by the Bankruptcy Court. In both the instant motion and the pending Discovery Motions, Royal Electrical argues that Sunrich does not have standing to prosecute its Motion to Dismiss (Doc. Nos. 101 at 5-6 and 134 at ¶¶ 30-33) and CSOP's consent to the entry of an order for relief mooted Sunrich's Motion to Dismiss (Doc. Nos. 101 at 5-6 and 134 at ¶ 34). The Discovery Motions are presently pending before Judge Brooks. Thus, granting the instant motion would lead to overlapping consideration of the arguments already advanced by Royal Electrical below.

Sunrich's Objection to Royal Electrical's Discovery Motions further supports the conclusion that Royal Electrical's Motion for Leave asks the Court to take an appeal over issues

14

which are awaiting determination by the Bankruptcy Court.  Royal Electrical identifies three "questions presented" in the instant motion: whether Sunrich has standing to maintain its Motion to Dismiss, whether CSOP's Trustee's consent to the entry of an order for relief has mooted Sunrich's Motion to Dismiss, and whether the entry of an Order for Relief has mooted Sunrich's motion to dismiss.  (Doc. No. 134 at ¶ 22.)  Sunrich's Objection to Royal Electrical's Discovery Motions, coincidentally filed contemporaneously with the instant motion, answers precisely each of these questions.  As Sunrich has argued, Sunrich's has standing to maintain its Motion to Dismiss (Doc. No. 138 at 11-12), CSOP's Trustee's "consent" to the entry of an order for relief did not moot Sunrich's Motion to Dismiss (*Id.* at 10-11 and ¶¶ 16-17), and the entry of an Order for Relief did not moot Sunrich's Motion to Dismiss (*Id.* at 9-14).  In the interests of judicial economy, this Court should not grant leave to appeal issues that are presently awaiting a ruling by the Bankruptcy Court.

Finally, in yet another instance of overlapping motions, Colorado Mills has recently filed five motions – all of which are pending before the Bankruptcy Court – covering the same ground as Royal Electrical's Motion for Leave to Appeal.  (Doc. Nos. 142-146.)  Royal Electrical's Motion for Leave to Appeal argues that the entry of the Order for Relief mooted Sunrich's motion to dismiss (Doc. No. 134 at ¶¶ 35-40.)  While Royal Electrical did not make this argument in support of its Discovery Motions, Colorado Mills, Royal Electrical's culpable compatriot, raised the issue in its own pleadings filed with the bankruptcy court on November 17, 2010.  (Doc. Nos. 143-144 at 6.)  Consequently, denial of the instant motion promotes efficiency by allowing the issues raised in Royal Electrical's duplicative Motion for Leave to Appeal to be heard by the Bankruptcy Court alone, rather than by this Court and the Bankruptcy Court simultaneously.

70388818.2 0039265-00035

**B.      Royal Electrical Seeks Piecemeal Review of the Bankruptcy Court's Order**

Royal Electrical's Motion for Leave to Appeal is an effort to bring a piecemeal appeal. Piecemeal interlocutory appeals are disfavored in the Tenth Circuit, as efficient judicial administration is not well served by permitting piecemeal appeals. *See In re Baines*, 528 F.3d at 811 (rejecting piecemeal appeals on any single cause of action or legal issue within a bankruptcy proceeding).   Likewise, other courts have expressed an aversion to allowing interlocutory, piecemeal appeals to proceed. *See Shirts Co. v. Neal* (*In re Atlantic Textile Group, Inc.*), 191 B.R. 652, 654 (E.D. Va. 1996) (denying permission for interlocutory appeal because "to permit a party to challenge, piecemeal, every adverse determination of the bankruptcy court en route to a final disposition of the matter would unnecessarily prolong the litigation."); *see also Cunningham v. Hamilton Cty, Ohio*, 527 U.S. 198, 203-204 (1999) (noting that the final order rule's purpose is to prevent piecemeal litigation and the resulting burdens placed upon parties and courts); *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981) (the rule "that that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes," including "promoting efficient judicial administration.").

The instant motion is designed to spare Royal Electrical from producing documents in connection with Sunrich's document subpoena.  That is, Royal Electrical is attempting to use a procedural device – its Motion for Leave to Appeal – to avoid producing substantive evidence of a bad faith conspiracy between Royal Electrical and Colorado Mills to improperly place CSOP into involuntary bankruptcy.  Despite the opportunity to do so at multiple stages, Royal Electrical has never before moved for leave to raise an appellate challenge to Sunrich's Motion to Dismiss on mootness and standing grounds.  For example, when CSOP's Trustee was appointed,

concurrent with the pending Motion to Dismiss, Royal Electrical did not argue, as it does now, that it should be granted leave to appeal.  In fact, Royal Electrical subsequently entered into a Stipulation to Postpone and Reschedule, later adopted as an order of the Bankruptcy Court and entered subsequent to the appointment of CSOP's Trustee, that specifically preserved Sunrich's ability to seek discovery and Royal Electrical's ability to object to discovery, and also contemplated that the Motion to Dismiss would be maintained and rescheduled.  (Doc. Nos. 68 and 75.)

If Royal Electrical's Motion for Leave to Appeal is denied, the Motion to Dismiss will proceed as planned, culminating in a quick evidentiary hearing to determine whether there is a *bona fide* dispute as to the amount of and liability for any debts allegedly owed to Royal Electrical, whether CSOP was generally paying its debts as they became due as of June 9, 2010, and whether the involuntary petition was the product of a bad faith collaboration between Royal Electrical and Colorado Mills.  If, on the other hand, Royal Electrical's Motion for Leave to Appeal is granted and, upon review of the merits, this Court ultimately denies Royal Electrical's appeal, there is no reason to believe that Royal Electrical will refrain from filing additional piecemeal appeals every time it disagrees with an order of the Bankruptcy Court.

## III.   Royal Electrical's Proposed Appeal Does Not Present Only Controlling Issues of Law

The instant motion does not present only controlling questions of law.  "A question of law for purposes of an interlocutory appeal is a 'pure' question that the reviewing court 'could decide quickly and cleanly without having to study the record.'"  *Scoggin v. Weinman (In re Adam Aircraft Indus.)*, No. 09-cv-00728-CMA, 2010 U.S. Dist. LEXIS 24461, at *8 (D. Colo. Feb. 23, 2010) (quoting *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000)).  By

its own terms, Royal Electrical's Motion for Leave to Amend does not raise only pure legal issues.

Royal Electrical's first question presented asks, in pertinent part, "whether a creditor of the debtor (which creditor's affiliate is subject to a preference claim pursuant to 11 U.S.C. § 547) has standing to prosecute a motion to dismiss an involuntary petition pursuant to 11 U.S.C. § 303." (Doc No. 134 at ¶ 22.) The question presumes that Sunrich's affiliate is subject to a preference claim. Apart from the fact that there is no evidence in the record to support Royal Electrical's mere assertion that a preference claim exists, the existence of a preference claim is a fact question, not a question of "pure law." Thus, to decide this question, the Court would first have to conduct a factual inquiry as to whether Sunrich's affiliate is, indeed, subject to a preference claim. This inquiry is not one that could be decided "quickly and cleanly," without having to study the record, and is therefore inappropriate for interlocutory appeal. *See In re Moskowitz*, 14 BR 307, 308 (S.D.N.Y. 1981) (stating that the appealable issue does not have the potential for substantially accelerating the disposition of the litigation when "there remains factual questions the resolution of which may alter or affect the question of law sought to be reviewed.")

## IV. There is No Substantial Ground for Difference of Opinion on The Issues Raised in Royal Electrical's Motion for Leave to Appeal

Royal Electrical has not shown, as it must before leave is granted to file an interlocutory appeal, that there exists a substantial ground for a difference of opinion on the issues raised in its Motion for Leave to Appeal. Royal Electrical essentially argues that there are two reasons for why this matter involves a substantial ground for a difference of opinion. First, Royal Electrical cites an absence of legal authority, acknowledging that the three questions it has presented for appeal do not "appear to be controlled by binding Tenth Circuit authority." (Doc. No. 134 at ¶

18

29.)   A lack of binding Tenth Circuit precedent alone, however, does not support Royal Electrical's contention that there exists a substantial ground for a difference of opinion.  *See Scoggin v. Adam Aircraft Indus. (In re Adam Aircraft Indus.)*, No. 08-11751 MER, 2009 Bankr. LEXIS 1747, at *9 (Bankr. D. Colo. May 21, 2009) (finding that where authority from other circuits supports the non-movant's position, unless the movant were to argue that the court should find, based on Tenth Circuit law, for the movant, there has been no showing that the order at issue involved a controlling question of unsettled law); *see also Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y 2006) (stating that an interlocutory appeal should not be heard "[s]imply because a question of law has not been authoritatively addressed").

Second, Royal Electrical merely recites its disagreement with what it surmises is the Bankruptcy Court's reasoning.  (Doc. No. 134 at ¶¶ 30-40.)  This, too, is not itself a reason to support the conclusion that a substantial ground for a difference of opinion exists.  *See Pacamor Bearings, Inc. v. Minebea Co., Ltd*, 892 F.Supp. 347, 361-62 (D.N.H. 1995).  ("A party's strong disagreement with the court's ruling is not sufficient for there to be a `substantial ground for difference'; the proponent of the appeal must make some greater showing"); s*ee also Lapham v Kaye (In re Avado Brands, Inc.)*, No. 04-31555-HDH-11, 2007 US Dist LEXIS 57187, at *8 (N.D. Tex. Aug. 3, 2007) (denying motion for leave to take interlocutory appeal, in part, because movant's only argument for substantial disagreement was the absence of precedent and the movant's disagreement with the order); *In re Adam Aircraft Indus.*, 2010 U.S. Dist. LEXIS 24461, at *10-11 (noting that where the bankruptcy court has identified the proper legal standard, "is not enough that a party seeking an interlocutory appeal simply disagrees with the court's ultimate conclusion").

Royal Electrical's difference of opinion with the Order Granting Stipulation seems to be borne out of a logical flaw and a misunderstanding of the Bankruptcy Court's subject matter jurisdiction. Royal Electrical's logical flaw is its conclusion that, because the denial of a motion to dismiss often leads to the entry of an order for relief, the entry of an order for relief should lead to the denial of a motion to dismiss. This reasoning is not logically sound: Royal Electrical has simply affirmed the consequent. A bankruptcy court's order denying a motion to dismiss on jurisdictional grounds may well be susceptible to interlocutory appeal. *In re Den-Col Cartage & Distribution, Inc.*, 20 B.R. 645, 647 (D. Colo. 1982). But it does not follow that an entry of an order for relief, or the entry of an order relating to the conditions under which an order for relief shall enter, is similarly susceptible to interlocutory appellate review.

Royal Electrical's other fundamental misunderstanding comes from an inaccurate view about bankruptcy courts' subject matter jurisdiction. Royal Electrical's Motion for Leave to Appeal repeatedly references jurisdictional issues. (Doc. No. 134 at ¶¶ 27, 34 n.3, and 40.) Specifically, Royal Electrical argues that "[b]ecause an involuntary case can only be dismissed pursuant to [11 U.S.C.] § 303 based on related jurisdictional deficiencies, the issue must be decided at the inception of the case." (*Id.* at 40.) Royal Electrical's position on limitations of bankruptcy courts' subject matter jurisdiction is not a view shared by the vast majority of courts and commentators to consider this issue. *See Trusted Net Media Holdings, LLC v. Morrison Agency, Inc. (In re Trusted Net Media Holdings, LLC)*, 550 F.3d 1035, 1037-41 (11th Cir. 2008); *see also Rubin v. Belo Broad. Corp. (In re Rubin)*, 769 F.2d 611, 614 n.3 (9th Cir. 1985); *Dunlop Tire & Rubber Corp. v. Earl's Tire Serv., Inc. (In re Earl's Tire Serv., Inc.)*, 6 B.R. 1019, 1022-23 (D. Del. 1980); *In re Saunders*, 379 B.R. 847, 855-57 (Bankr. D. Minn. 2007); *In re Coppertone Communications, Inc.*, 96 B.R. 233, 234-35 (Bankr. W.D. Mo. 1989); 2 Alan N.

Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 303.04[9] (15th ed. 2007); 2 William L. Norton, Jr. & William L. Norton III, *Norton Bankruptcy Law & Practice* § 22:3 (3d ed. 2008). In summary, 11 U.S.C. § 303(b)'s requirements are not subject matter jurisdictional; they are instead elements that must be established in order to sustain an involuntary proceeding over time. *See In re Trusted Net Media Holdings, LLC*, 550 F.3d at 1041.   Royal Electrical has not identified a compelling reason for this Court to interfere with matters still pending adjudication before the Bankruptcy Court, as Royal Electrical has not shown that a substantial difference of opinion exists.

## V.      No Exceptional Circumstances Exist That Would Favor Interlocutory Appeal

In addition to the three-pronged test adopted from 28 U.S.C. § 1292(b), courts from around the country have also required the party seeking leave to file an interlocutory appeal to demonstrate the presence of "exceptional circumstances."  *See Yerushalmi v. Shibolelth*, 405 B.R. 44, 47 (E.D.N.Y. 2009); *see also Enron Corp. v. Citigroup, Inc. (In re Enron Creditors Recovery Corp.)*, 410 B.R. 374, 379 (S.D.N.Y. 2008); *Official Comm. of Unsecured Creditors v. Qwest Communs. Corp. (In re A.P. Liquidating Co.)*, 350 B.R. 752, 755 ( E.D. Mich. 2006); *In re Auto. Prof'ls, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007).   The Tenth Circuit's Bankruptcy Appellate Panel agrees: "granting leave for interlocutory appeals should be done only in exceptional circumstances.*"  In re Denton v. Washita State Bank*, 236 B.R. 418, 419 (B.A.P. 10th Cir. 1999).   Royal Electrical has not argued that any exceptional circumstances exist here that would favor review of the Bankruptcy Court's interlocutory order.

Courts have provided guidance as to the meaning of exceptional circumstances. Specifically, exceptional circumstances that warrant interlocutory review "include cases where prohibiting review would force an appellant to irrevocably lose an important right, and cases

where an appellant will be denied review if the proceeding progresses to a natural end." *In re Fox*, 241 B.R. at 233.   *See also In re Denton*, 236 B.R. at 419 (stating that exceptional circumstances warranting interlocutory appeal are not present because "the orders from which this appeal have been taken will be reviewable in connection with an appeal lodged from a final decision in this adversary proceeding").

There are no exceptional circumstances present in Royal Electrical's Motion for Leave to Appeal.  Royal Electrical will have the opportunity to appeal any final decision on the merits of its involuntary petition.[3]   Nor will denying the present motion irrevocably deprive Royal Electrical of any rights it otherwise would have possessed.  The advantage Royal Electrical seeks to gain by pressing an appeal now, rather than waiting until after an evidentiary hearing on the merits of its involuntary petition, involves avoiding altogether having to defend the propriety of is collaborative scheme with Colorado Mills to place CSOP into involuntary bankruptcy.  Until the Bankruptcy Court develops a record, rules on Sunrich's challenge to that scheme, and enters a final order, no appeal should be heard.

---

[3] Were Royal Electrical to prevail at the evidentiary hearing on Sunrich's Motion to Dismiss, Royal Electrical would obviously find an appeal to be unnecessary.

70388818.2 0039265-00035

## <u>CONCLUSION</u>

For the foregoing reasons, Sunrich respectfully requests that Royal Electrical's Motion

for Leave to Appeal be denied.


Dated: November 23, 2010

**STOEL RIVES LLP**

<u>s/Eric A. Bartsch</u>
Eric A. Bartsch (MN #243723)
W. Teague Orgeman (MN #389241) (of counsel)
33 South Sixth Street, Suite 4200
Minneapolis, MN  55402
Telephone:  (612) 373-8800
Facsimile:  (612) 373-8881
eabartsch@stoel.com
wtorgeman@stoel.com


Danny C. Kelly (UT #1788) (of counsel)
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 578-6979
Facsimile:  (801) 578-6999
dckelly@stoel.com

AND

**KUTAK ROCK LLP**

Thomas W. Snyder (#33106)
Jeremy D. Peck (#36588)
1801 California Street, Suite 3100
Denver, CO  80202
Telephone:  (303) 297-2400
Facsimile:  (303) 292-7799
thomas.snyder@kutakrock.com
jeremy.peck@kutakrock.com

**ATTORNEYS FOR SUNRICH LLC**

70388818.2 0039265-00035

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

In Re:

Colorado Sun Oil Process LLC,
EIN:  26-2175087,

               Debtor.                  Civil Action No. 1:10-cv-02755-JLK

Royal Electrical Services, Inc.,

               Appellant,

v.

Harvey Sender, chapter 11 trustee, and
Sunrich LLC,

               Appellees.

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, the following document:

1.       Appellee Sunrich LLC's Answer to Appellant Royal Electrical Services, Inc.'s Motion for Leave to File Interlocutory Appeal

was filed electronically with the Clerk of Court through ECF and that ECF will send a Notice of

Electronic Filing (NEF) to the following:

- Bart B. Burnett       bburnett&hblegal.net
- Robert M. Horowitz   rhorowitz@hblegal.net
- Kevin S. Neiman     kneiman@hblegal.net
- Carl A. Eklund       EklundC@ballardspahr.com

Dated: November 23, 2010

**STOEL RIVES LLP**

s/Eric A. Bartsch
Eric A. Bartsch (MN #243723)
W. Teague Orgeman (MN #389241) (of counsel)
33 South Sixth Street, Suite 4200
Minneapolis, MN  55402
Telephone:  (612) 373-8800
Facsimile:  (612) 373-8881
eabartsch@stoel.com
wtorgeman@stoel.com

Danny C. Kelly (UT #1788) (of counsel)
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
Telephone:  (801) 578-6979
Facsimile:  (801) 578-6999
dckelly@stoel.com

AND

**KUTAK ROCK LLP**

Thomas W. Snyder (#33106)
Jeremy D. Peck (#36588)
1801 California Street, Suite 3100
Denver, CO  80202
Telephone:  (303) 297-2400
Facsimile:  (303) 292-7799
thomas.snyder@kutakrock.com
jeremy.peck@kutakrock.com

**ATTORNEYS FOR SUNRICH LLC**