IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-2755-AP

IN RE COLORADO SUN OIL PROCESS LLC,
EIN:  26-217087,

     Debtor.
_____

ROYAL ELECTRICAL SERVICES, INC.,

     Appellant,

v.

HARVEY SENDER, Chapter 11 trustee, and
SUNRICH LLC,

     Appellees.
_____

ORDER DENYING LEAVE FOR INTERLOCUTORY APPEAL
_____

KANE, J.

This matter is before me on creditor Royal Electrical Services' Motion for Leave to pursue an interlocutory appeal of an order of the Bankruptcy Court issued on October 26, 2010.  Royal precipitated the underlying bankruptcy proceeding by filing an involuntary bankruptcy petition against Debtor, and seeks now to challenge the Bankruptcy Court's October 26, 2010 entry of an Order granting a Stipulation between the Debtor's Chapter 11 Trustee and one of Debtor's co-owners, Sunrich.  *See* Order Granting Stip. to Resolve Conditional Obj. to Debtor's Mot. for Entry of Order for Relief (Bankruptcy Docket No. 119).  Royal's expressed concern is not with the Order itself, but

with the Bankruptcy Court's having approved the Stipulation without also denying as moot Sunrich's Motion to Dismiss Royal's involuntary petition. Royal contends the continued pendency of the Motion sets it up for an expected sanctions motion if the case is later dismissed on its merits.

Royal's concern is not an appropriate basis for interlocutory appeal. Royal does not indicate whether it has asked the Bankruptcy Court to declare the pending Motion to Dismiss moot or that it has expressed its concerns that Sunrich is leveraging the Motion to seek sanctions against Royal to the Bankruptcy Court. If and when the Bankruptcy Court issues a final order on the Motion to Dismiss or on the feared sanctions, then an appeal on the merits of such an order may be appropriate.

Exercising my discretion under 28 U.S.C. § 158(a)(3), I decline to allow Royal to proceed on an interlocutory basis to appeal an eventuality that may never occur. The Motion by Appellant Royal Electrical Services, Inc. for Leave to Appeal Pursuant to Bankruptcy Rule 8003 (Doc. 1), is DENIED, and this Civil Action is DISMISSED.

Dated December 2, 2010.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE